Rosser *v.* State

No. 40181          March 18, 1957          93 So. 2d 470

B. H. *Loving,* A. M. *Edwards, Lenore Loving,* West Point; J. A. *Phillips,* Macon, for appellant.

*John H. Price, Jr., Asst. Atty. Gen.,* Jackson, for appellee.

GILLESPIE, J.

Johnson W. Rosser was indicted for manslaughter. The charge was that he unlawfully killed another by culpable negligence. The trial resulted in a verdict of guilty with recommendations of mercy. Defendant was sentenced to serve six years in the penitentiary.

The evidence for the State was that Rosser was under the influence of beer and was culpably negligent in the operation of his automobile on a public highway, resulting in a collision in which the deceased met her death. Evidence for the defendant was that he was not under the influence of beer and that the collision was due to mechanical defect in defendant's vehicle of which

he had no prior knowledge. The evidence was sufficient for the jury to accept the State's version.

The case presents two questions: (1) Whether, in a prosecution for manslaughter by the culpable negligence of accused in the operation of an automobile, the accused may prove his general reputation in the community in which he had lived as a careful and prudent driver of automobiles, and (2) whether defendant should have been granted a continuance, or was entitled to have his case passed until later in the term, under the particular facts and circumstances presented by his motion for continuance.

■■■ Appellant offered, and the court refused to admit, the testimony of four qualified witnesses who would have testified that appellant had the general reputation in the community of his residence of being a careful driver of automobiles. ■■■ Proof of good previous character of a defendant in a criminal prosecution is admissible as a matter of right. Character is used in this sense as being the same as general reputation. ■■■ But the evidence relating to such general reputation should be confined to the particular trait or traits involved in the nature of the charge against the defendant. McElroy's Mississippi Evidence, Sec. 30, p. 124; Underhill's Criminal Evidence, 5th Ed., Sec. 191; DeAngelo v. State, 187 Miss. 84, 192 So. 444. Such evidence is admissible for what it is worth to the jury in whose minds it may create a reasonable doubt, Lewis v. State, 93 Miss. 697, and as an aid to the jury in estimating the other evidence, Powers v. State, 74 Miss. 777, 21 So. 657; ■■ ■ and in this case such evidence is relevant as tending to rebut the inference of culpability, an essential element of the crime charged.

■■■ The motion for continuance was based on a somewhat involved situation. This court is most reluctant to reverse a case on a refusal to continue a case, ■■■ however, we think the trial court should have con-

tinued the case or passed it over until the following week under the particular circumstances. A statement of the circumstances would be lengthy. Since a similar situation will not likely again develop in this or any other case, a full discussion would add nothing of value to the reports.

Reversed and remanded.

*Roberds, P. J.,* and *Kyle, Arrington* and *Ethridge,* JJ., concur.