THOMAS, J.,
for the Court:
¶ 1. Zimmra Foster appeals his conviction for felony child abuse, raising the following issues as error:
I. DID THE TRIAL COURT ERR IN FAILING TO GRANT THE DEFENDANT’S PEREMPTORY JURY INSTRUCTION?
II. DID THE TRIAL COURT ERR IN LIMITING THE TESTIMONY OF THE DEFENDANT’S' CHARAC- ■ TER WITNESSES?
Finding no error, we affirm.
FACTS
¶ 2. On August 19, 1998, A.H., about a year and a half old, was taken to the emergency room with second and third degree burns on her feet and genitals. A.H. had been visiting at the home of her father Zimmra Foster when the incident occurred.
¶ 3. According to Foster, A.H., after being given a bath and dressed for the day, “messed” on herself. Foster at first made a statement in which he said A.H. fell into a tub of hot -water. Later, Foster admitted that he did participate in the act that scalded the child but that he “didn’t realize the water whts so hot.” The scalding burns were so severe that A.H. required the grafting of skin on her feet.
¶ 4- Emergency room nurse Jenny Coleman testified that she first noticed burns only to the top of A.H.’s feet. Coleman went on to state that she observed “bruises on her thighs” and a “big, large blister” in the genital area. Coleman also noted a “large handprint on the child’s back area.” Two expert witnesses Dr. Robert Bowman and Dr. Lawrence George both testified that the burns were not consistent with immersion burns, but pouring burns or burns caused by “water being poured or coming directly onto the areas.” As a result of the injuries received by A.H., Foster was indicted by a grand jury in the First Judicial District of Bolivar County for felony child abuse under Miss.Code Ann. § 97-5-32(2)(Rev.2000) alleging Foster “unlawfully, wilfully and feloniously, and intentionally burn(ed) a child,” A.H.
¶ 5. After a trial on the merits, a guilty verdict of felony child abuse was returned by the trial court. Foster filed and presented his motion for a new trial, which was denied by the trial court. It is from this denial that Foster now appeals.
ANALYSIS
I.
DID THE TRIAL COURT ERR IN FAILING TO GRANT THE DEFENDANT’S PEREMPTORY JURY INSTRUCTION?
¶ 6. On appeal, Foster asserts that the trial court erred in failing to grant *303 his requested peremptory jury instruction. The standard of review for peremptory instructions and directed verdicts is the same. “In passing upon a request for a peremptory instruction, all evidence introduced by the State is to be accepted as true, together with any reasonable inferences that can be drawn from that evidence, and if sufficient evidence to support a verdict of guilty exists, the motion for a directed verdict is to be denied.” Wall v. State, 718 So.2d 1107 (¶ 15) (Miss.1998) (citations omitted). “Furthermore, when the trial court has erred in refusing to grant the defendant’s request for a peremptory instruction, then the case must be reversed and the defendant discharged.” Brown v. State, 556 So.2d 338, 340 (Miss.1990). However, this Court recognizes that a defendant shall not be discharged short of a conclusion that given the evidence, taken in the light most favorable to the verdict, no reasonable, hypothetical juror could find beyond a reasonable doubt that the defendant was guilty. Wall, 718 So.2d at (¶ 15).
¶ 7. Foster claims that his proposed jury instruction was improperly denied. The questionable instruction read, “The Court instructs the jury to find the Defendant not guilty.” Mississippi law is clear on the subject of peremptory instructions in criminal cases: “Peremptory instructions should be refused if there is enough evidence to support a verdict.” Warn v. State, 349 So.2d 1055, 1055 (Miss.1977). See also Hicks v. State, 580 So.2d 1302, 1304 (Miss.1991); Benson v. State, 551 So.2d 188, 193 (Miss.1989). Reviewing the record in this case, substantial evidence did exist to support the verdict: Foster made conflicting statements, in the first statement he claimed that the child fell into the tub and then in his second statement he stated that he lost his cool and did place the child into the tub, but did not know the water was hot; two expert witnesses, burn specialists, testified that the burns were inconsistent with a child being-immersed in hot water; the testimony of the emergency room nurse who testified that the burns were on the top of the feet and genitals, and that she noticed bruises on A.H.’s legs and back; and pictures were presented as evidence of the placement and severity of the burns. This peremptory instruction was not proper, and the trial court did not err in refusing to give such instruction.
II.
DID THE TRIAL COURT ERR IN LIMITING THE TESTIMONY OF THE CHARACTER WITNESSES?
¶ 8. Foster argues that he was improperly limited in the type of character witness testimony he was allowed to put before the jury. The defendant in a criminal prosecution, as a matter of right, may introduce evidence of his or her own good character. Rosser v. State, 230 Miss. 573, 577, 93 So.2d 470, 471 (1957). Proof of a character trait, however, may not be made by proof of specific past actions. The defendant is limited to offering testimony as to general reputation. Kearney v. State, 68 Miss. 233, 237-38, 8 So. 292, 293 (1890). To the extent Foster was prohibited from eliciting testimony that he was a loving father and that he would not intentionally hurt his own child was outside the scope of Foster’s general reputation in the community with respect to general character traits substantially related to the nature of the charge, and thus properly excluded. Winters v. State, 449 So.2d 766, 769 (Miss.1984). Finally, the trial court properly excluded testimony dealing with subjects other than Foster’s reputation for truth and veracity. See Sheffield v. Sheffield, 405 So.2d 1314, 1315 (Miss.1981). Therefore, this assignment of error lacks merit.
*304 ¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF BOLIVAR COUNTY OF CONVICTION OF FELONY CHILD ABUSE AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS and CHANDLER, JJ„ concur.
BRANTLEY, J., not participating.