2004 ME 59

**STATE of Maine**

v.

**Andrew HIGBIE.**

Supreme Judicial Court of Maine.

Submitted On Briefs: March 24, 2004.

Decided: May 4, 2004.

Evert N. Fowle, District Attorney, Darrick X. Banda, Asst. Dist. Atty., Augusta, for State.

Robert E. Sandy Jr., Esq., Sherman & Sandy, Waterville, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and LEVY, JJ.

ALEXANDER, J.

[¶ 1] Andrew Higbie appeals from a judgment of conviction for criminal use of a laser pointer (Class D), 17–A M.R.S.A. § 1002–A(1)(B) (Supp.2002), entered after a jury verdict by the Superior Court (Kennebec County, *Studstrup, J.*). Higbie asserts that the evidence is insufficient to support the conviction and that the trial court erred in responding to a question from the jury and excluding a defense witness. Finding the evidence sufficient, and there being no error in the challenged rulings of the trial court, we affirm.

## I. CASE HISTORY

[¶ 2] On the evening of October 7, 2001, Jeremy Buzzell, a Clinton police officer, in uniform and driving a marked police cruiser, was on patrol on the Bellsqueeze Road in Clinton. Officer Buzzell was accompanied by the local animal control officer who was not in uniform, but was in training to become a police officer. Shortly after completing a traffic stop, while driving on the road, Buzzell and his companion noticed a red circle of light or red laser beam moving around inside the cruiser. They then noticed an individual near a garage crouched down pointing a rifle at them. Officer Buzzell directed the cruiser's spotlight at the individual holding the rifle and recognized Higbie. Subsequently, Higbie admitted to acquaintances that he had pointed the laser sight on his rifle at the police cruiser.

[¶ 3] Higbie was charged by complaint with criminal threatening (Class D), 17–A M.R.S.A. § 209(1) (1983); reckless conduct (Class D), 17–A M.R.S.A. § 211(1) (1983); and criminal use of a laser pointer (Class D), 17–A M.R.S.A. § 1002–A(1)(B). Higbie transferred the case from District Court to Superior Court and requested a jury trial. *See* M.R.Crim. P. 22.

[¶ 4] At the trial, the State presented testimony from the occupants of the cruiser and Higbie's acquaintances to support its charges arising from Higbie having pointed the rifle and its laser sight at the cruiser and the officers in it. After the State rested, Higbie testified, asserting that he had aimed the rifle and its laser sight behind the cruiser to get Officer Buzzell's attention but that he did not intend to place the officer in fear or create any risk. Higbie then sought to call his mother as a witness to testify that he had been raised to have respect for firearms and to be safe and careful in handling firearms. The testimony was offered to support the credibility of Higbie's claim that he did not point the rifle and the laser sight at Officer Buzzell. On the State's objection, the court excluded this testimony.

[¶ 5] During the jury's deliberations, the jury sent a note to the court asking for clarification of its instruction regarding criminal use of a laser pointer. Specifically, the jury asked: "Does at an officer mean at or in the cruiser?" The court responded by reinstructing the jury on the elements of the offense, including instructing the jury that, to convict Higbie, they had to find beyond a reasonable doubt "that the defendant pointed a laser pointer at another person while the pointer is emitting a laser beam and ... that the other person was a law enforcement officer in uniform." The court then reminded the jury that it was up to them to decide whether the evidence in the case proved the elements of the charge and the court recessed the jury to continue their deliberations. Higbie objected to this instruction, asserting that the jury should have been

advised that "at an officer" did not mean "at or in the cruiser."

[¶ 6] The jury found Higbie guilty of criminal use of a laser pointer. He was found not guilty of criminal threatening and reckless conduct. Upon the conviction, the court fined Higbie $700. He then brought this appeal.

## II. LEGAL ANALYSIS

[¶ 7] Under the Criminal Code, there are several alternate means of committing the crime of criminal use of laser pointers. 17–A M.R.S.A. § 1002–A (Supp.2002). The alternative applicable to this case states that:

> 1. A person is guilty of criminal use of a laser pointer if the person intentionally, knowingly or recklessly points a laser pointer at another person, while the laser pointer is emitting a laser beam, and:
>
>    . . . .
>
> B. That other person is a law enforcement officer in uniform.

*Id.* § 1002–A(1)(B).

■ [¶ 8] Higbie contends that rather than reinstructing the jury regarding the law, the court should have explicitly answered the jury's question by stating that the term "at a law enforcement officer" does not mean at or in the cruiser in which an officer may be riding. In discussing Higbie's objection to its instruction, the court declined to take Higbie's approach, stating that it would instruct the jury "in a more positive way in terms of what the statute says." The court then reinstructed according to the law, emphasizing that the jury had to find that the laser beam was pointed at a law enforcement officer in uniform and reminding the jury that it was up to them to determine whether sufficient facts had been proven to support the conviction.

■ [¶ 9] The trial court took the proper approach in instructing the jury positively with respect to what facts the State had to prove to obtain a conviction, leaving it to the jury to decide whether those facts had been proven. Once the trial court has instructed the jury on each element of a crime that the State must affirmatively prove to obtain a conviction, and on any justifications or lesser included offenses generated by the evidence, the court is not required to separately instruct the jury on what would be insufficient to support a conviction or that the State must disprove certain facts or alternative explanations that the defense believes may create a reasonable doubt regarding the offense. *See State v. Bridges,* 2003 ME 103, ¶ 43, 829 A.2d 247, 259 (stating that the trial court must instruct on defenses or lesser included offenses rationally supported by the evidence, but need not instruct on defendant's view of methods for generating reasonable doubt); *see also State v. Knight,* 2002 ME 35, ¶ 20, 791 A.2d 110, 116; *State v. Kim,* 2001 ME 99, ¶¶ 9–10, 773 A.2d 1051, 1055; *State v. Rich,* 592 A.2d 1085, 1089 (Me.1991); *State v. Libby,* 546 A.2d 444, 450 (Me.1988).

■ [¶ 10] With the jury properly instructed, Higbie's admission that he had pointed the laser sight at the cruiser, and the cruiser's occupants' testimony that they saw the red light of the laser moving around inside the cruiser and saw Higbie's rifle pointed at them, were sufficient to support the conviction. Higbie's objection that the conviction must be vacated because the person with Officer Buzzell was not in uniform is of no consequence. Officer Buzzell was in uniform and the evidence was sufficient to support the jury's finding that the laser pointer was pointed at him.

[¶ 11] Higbie's final point, that the court erred by not permitting his mother to testify that he had been raised to be careful with firearms and that he was careful with firearms, is unpersuasive. The testimony offered was irrelevant to whether, on *the evening in question*, Higbie was being careful with his laser sight. *See* M.R. Evid. 402. Further, the mother's testimony that Higbie was raised to be careful with firearms is not appropriately used to support the credibility of Higbie's testimony that he was careful with firearms on that evening and did not point his laser sight at the officer. Testimony as to how Higbie was raised and how he acted in the past is not indicative of a pertinent character trait and does not inform the question of whether Higbie acted intentionally or recklessly with his laser sight on the evening in question. *See* M.R. Evid. 404(a)(1). *See also State v. Willette*, 2002 ME 165, ¶¶ 14–15, 809 A.2d 617, 621–22 (stating that past positive performance evaluations are irrelevant to the issue of whether employee intended to steal from employer).

The entry is:

Judgment affirmed.