119 P.3d 473

**STATE of Arizona, Appellee,**

v.

**Tinker VANDEVER, Appellant.**

**No. 1 CA–CR 04–0589.**

Court of Appeals of Arizona,
Division 1, Department E.

Sept. 13, 2005.

Terry Goddard, Arizona Attorney General By Randall M. Howe, Chief Counsel, Criminal Appeals Section and Aaron J. Moskowitz, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender By James L. Edgar, Deputy Public Defender, Phoenix, Attorney for Appellant.

## OPINION

EHRLICH, Judge.

¶ 1 Tinker Vandever appeals from his convictions and sentences for manslaughter, a Class 2 felony, dangerous (Count 1), and endangerment, a Class 6 felony, dangerous felony (Count 2).[1] He contends that the trial court committed reversible error by (1) refusing to give his requested instruction on intervening event and superseding cause; (2) refusing to allow him to present evidence of his reputation for acting carefully and prudently in conducting his daily affairs; and (3) refusing to allow him to present evidence of his close and caring relationship with the victim, Paul Anderson, as evidence that it was not likely that he would have acted recklessly toward Anderson. Vandever also argues that the trial court's minute entry must be modified to correct inadvertent errors. For reasons that follow, we affirm Vandever's convictions and sentence for manslaughter, and we affirm as modified his sentence for endangerment.

## FACTS [2] AND PROCEDURAL HISTORY

¶ 2 At approximately 9:30 p.m. on October 25, 2003, Vandever was driving northbound on Seventh Street approaching the intersection with Bethany Home Road in Phoenix; his passenger was Anderson. Richard Peña was traveling southbound on the same street. As Peña proceeded into the intersection at approximately 35–40 miles per hour ("m.p.h."), Vandever made an illegal left turn from the far right lane. With no time for Peña to brake or take any evasive measures, the cars collided.

¶ 3 Anderson died as a result of blunt force trauma sustained during the collision. Vandever was taken to a hospital for treatment. During transport, a firefighter smelled alcohol on Vandever's breath, and Vandever told a paramedic. that he had drunk "a twelve pack of beer that evening." Phoenix Police Officer Herbert Jacobs also reported that Vandever had bloodshot, watery eyes and the odor of alcohol on his breath. At the hospital, Vandever told his brother that he had consumed five or six drinks. Vandever's blood sample revealed a 0.155 blood alcohol content, which a criminalist opined was the equivalent of more than eight drinks in Vandever's body at the time of testing.

¶ 4 Vandever was charged and convicted by a jury of manslaughter and endangerment. The trial court sentenced him to a mitigated eight-year prison term for the manslaughter and to the presumptive term of 2.25 years for endangerment, both terms to be served concurrently with credit for 166 days of pre-sentence incarceration.

## DISCUSSION

### A. Intervening Event, Superseding Cause Instruction

¶ 5 Vandever requested that the trial court instruct the jury regarding an intervening event or superseding cause as follows:

1. "Manslaughter" is defined in Arizona Revised Statutes ("A.R.S.") § 13–1103(A)(1) as "[r]ecklessly causing the death of another person." In turn, "recklessly" is defined in A.R.S. § 13–105(9)(C) as follows:
    "Reckless" means, with respect to a result or to a circumstance described by a statute defining an offense, that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard of such risk constitutes a gross deviation from the standard of conduct that a reasonable person

would observe in the situation. A person who creates such a risk but is unaware of such risk solely by reason of voluntary intoxication also acts recklessly with respect to such risk.
    "Endangerment" is defined as "recklessly endangering another person with a substantial risk of imminent death or physical injury." A.R.S. § 13–1201(A).

2. We review the evidence as most favorable to upholding the verdicts, resolving all inferences against Vandever. *State v. Nihiser*, 191 Ariz. 199, 201, 953 P.2d 1252, 1254 (App.1997).

A person is not held accountable for manslaughter, negligent homicide ... or endangerment when an intervening cause in which [he] does not participate causes death, serious physical injury or endangers another. This intervening cause must also be superseding.

Intervening cause becomes superseding cause when its occurrence was unforeseeable and when with benefit of hindsight it may be described as abnormal or extraordinary.

The State must prove beyond a reasonable doubt that an intervening cause did not cause the acts that are the subject of the indictment.

He also asked that the court instruct the jury regarding causation as follows:

Superseding cause is not an affirmative defense and the defendant has no obligation to establish the existence of superseding cause. It remains the obligation of the [S]tate to show that superseding cause does not exist.

¶ 6 Vandever argued that, contrary to Peña's testimony, Peña was racing towards a red light and that his speed could have been more than 53 m.p.h. at the time of the collision. He also argued that such speed, which would have been more than ten m.p.h. greater than the posted speed limit, would not have been foreseeable under the circumstances, warranting the requested "intervening event, superseding cause" instructions. The prosecutor responded that the evidence did not support such instructions, noting that Vandever's expert had testified that, regardless of Peña's speed, Vandever's turn had not given Peña time to react and that the collision could not have been avoided. The trial court declined to give the instructions, which Vandever now contends was reversible error.

■■■ ¶ 7 A defendant "is entitled to a jury instruction on any theory reasonably supported by the evidence," *State v. Tschilar*, 200 Ariz. 427, 436 ¶ 36, 27 P.3d 331, 340 (App.2001), but a trial court's refusal to give

an instruction for a lack of factual basis is within its discretion. *State v. Bolton*, 182 Ariz. 290, 309, 896 P.2d 830, 849 (1995). We will not disturb its decision absent a clear abuse of that discretion. *Tschilar*, 200 Ariz. at 436 ¶ 36, 27 P.3d at 340.

■■■ ¶ 8 "To establish legal cause, ... there must be some evidence that but for defendant's conduct, the [car] accident and resulting death would not have occurred." *State v. Marty*, 166 Ariz. 233, 236, 801 P.2d 468, 471 (App.1990) (citing A.R.S. § 13–201(A)(1); additional citations omitted). An intervening event is superseding, i.e., a legal excuse, only if it was unforeseeable and, with the benefit of hindsight, may be described as abnormal or extraordinary. *State v. Bass*, 198 Ariz. 571, 576 ¶ 13, 12 P.3d 796, 801 (2000). Peña's speed of approximately 40 m.p.h. is supported by the evidence. Even if Peña's speed had been greater, however, his driving still would not have been an intervening event because a collision with Peña's vehicle was clearly a foreseeable event within the scope of the risk created by Vandever's illegal left turn from the far right lane. Therefore, we find no abuse of discretion in the trial court's ruling that there was no factual basis to warrant giving Vandever's requested jury instructions.

### B. Character Evidence

■■■ ¶ 9 At trial, Vandever did not contest either his 0.155 blood alcohol content or his illegal left turn from the far right lane. His defense was that he was not reckless in making the left turn. In that context, he proffered evidence that he acted prudently and carefully in conducting his life, citing Arizona Rule of Evidence 404(a)(2001).[3] The prosecutor objected, maintaining that recklessness is a state of mind or behavior, not a character trait, and the trial court ruled that Vandever's general prudence was not a relevant trait of character. Vandever now argues that the court committed reversible error.

---

3. Rule 404 states in pertinent part:

(a) Character evidence generally. Evidence of a person's character or a trait of character is not admissible for the purpose of proving ac-

tion in conformity therewith on a particular occasion, except:
(1) Character of accused.... Evidence of a pertinent trait of character offered by an accused....

¶ 10 We review the trial court's exclusion of evidence for an abuse of its discretion. *State v. Ayala,* 178 Ariz. 385, 387, 873 P.2d 1307, 1309 (App.1994). A defendant, in presenting his case, "may offer evidence of his good character as substantive evidence from which the jury may infer that he did not commit the crime charged." *State v. Lopez,* 174 Ariz. 131, 139, 847 P.2d 1078, 1086 (1992); *see* Ariz. R. Evid. ("Rule") 404(a)(1). However, character evidence must pertain to a trait involved in the offense charged. *Lopez,* 174 Ariz. at 139, 847 P.2d at 1086.

¶ 11 Citing *State v. Marshall,* 312 Or. 367, 371–73, 823 P.2d 961, 963–64 (1991), Vandever contends that carefulness is a character trait meaning the "propensity to act with care in all the varying situations of life." *See also State v. Enakiev,* 175 Or.App. 589, 594–96, 29 P.3d 1160, 1163 (2001). The State responds that, not only is there no "anti-reckless" character trait, Vandever's "general practice of following the law" would not be relevant to whether he acted recklessly at the time of the collision.

¶ 12 Cases from other jurisdictions support Vandever's argument that a defendant may introduce evidence of his character for carefulness when he is charged with a crime involving recklessness or negligence. In *Rosser v. State,* 230 Miss. 573, 575–77, 93 So.2d 470, 471 (1957), after a collision resulting in a fatality, the defendant was charged with manslaughter for having negligently operated his automobile while under the influence of alcohol. The Mississippi Supreme Court held that the trial court erred in refusing to admit evidence of the defendant's reputation as a careful driver. *Id.,* 230 Miss. at 575–78, 93 So.2d at 471–72. Similarly, in a case when the defendant was charged with negligent homicide for having struck and killed a pedestrian with his truck, the District of Columbia Circuit Court of Appeals held that the defendant should have been allowed to present evidence of his reputation as a "prudent, careful driver." *Robinson v. United States,* 156 F.2d 574, 574 (D.C.Cir. 1946). *Cf. State v. Baker,* 56 Wash.2d 846, 856–59, 355 P.2d 806, 812–13 (Wash.1960) (When the trial court had already permitted one witness to testify to the defendant's reputation as a good and careful driver, the similar testimony of other witnesses was properly excluded as cumulative.).

¶ 13 We find more persuasive the opinion of the Supreme Judicial Court of Maine in *State v. Higbie,* 847 A.2d 401 (Me.2004). The defendant was charged and convicted of reckless conduct and criminal use of a laser pointer. The State was required to prove that he had directed a laser pointer at a uniformed law-enforcement officer. At trial, the defendant had unsuccessfully proffered his mother's testimony that he had been reared to be careful and was in fact careful with firearms. The appellate court held that testimony as to "how [defendant] acted in the past is not indicative of a pertinent character trait and does not inform the question of whether [defendant] acted ... recklessly ... on the evening in question." *Id.* at 404 ¶ 11. Similarly, testimony regarding Vandever's general reputation for prudence and care in his daily activities was irrelevant, or, in the word of Rule 404(a)(1), not "pertinent" to whether he acted in a manner consistent with that reputation at the time of the collision.

¶ 14 Moreover, Vandever's conceded 0.155 blood alcohol content and illegal turn clearly established his recklessness on the occasion at issue regardless how carefully he may have conducted himself in the past. "Where the doing of the act charged is not in dispute, because conceded, it has been said that character no longer has any probative function, and should not be received, since character certainly cannot be set up merely in excuse." 1A John Henry Wigmore, *Evidence in Trials at Common Law,* § 56.3 (1983). Therefore, the trial court did not commit reversible error by excluding Vandever's proffered evidence of his reputation for care or prudence.

¶ 15 Vandever also contends that the trial court committed reversible error by refusing to allow him to present evidence that he had a close and caring relationship with Anderson as evidence that it was not likely that he would have acted recklessly toward him. Vandever argues that this evidence "would tend to establish that [he] was highly motivated to act to assure [Anderson's] safety." However, as we have held, the proposed testimony of Vandever's caring relationship

with Anderson is irrelevant to whether Vandever was prudent or careful on the night of the collision. Therefore, the trial court did not abuse its discretion in excluding this evidence.

### C. Error in Minute Entry

¶ 16 Vandever maintains, and the State and we agree, that an error in the sentencing minute entry requires modification. *State v. Sands,* 145 Ariz. 269, 278, 700 P.2d 1369, 1378 (App.1985) ("An inadvertent error in [a] sentencing minute entry must be corrected."). The minute entry must be amended to show Count 2, endangerment, as a Class 6 felony instead of a Class 3 felony.

### CONCLUSION

¶ 17 Vandever's convictions are affirmed. His sentence for manslaughter is affirmed. His sentence for endangerment is affirmed as modified.

CONCURRING: DANIEL A. BARKER and JON W. THOMPSON, JJ.