NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

STEVEN THOMAS WILLIAMS, *Appellant.*

No. 1 CA-CR 16-0089
FILED 2-14-2017

Appeal from the Superior Court in Mohave County
No. S8015CR201400410
The Honorable Billy K. Sipe, Jr., Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael F. Valenzuela
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Margaret H. Downie and Chief Judge Michael J. Brown joined.

J O H N S E N, Judge:

**¶1**          Steven Thomas Williams appeals his conviction and sentence imposed after a jury found him guilty of one count of possession of drug paraphernalia.  Williams argues the superior court erred when it allowed the State to introduce statements from Kellie Davis, a co-defendant who did not testify in their joint trial.  For the reasons that follow, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2**          Officers executed a search warrant on a home in Bullhead City.[1]  On their arrival, they detained Davis near the home's entrance and found Williams in the master bedroom.  Searching the master bedroom and bathroom, officers found a digital scale, two glass pipes with methamphetamine residue, Williams's wallet and identification, and mail addressed to both Williams and Davis at the home.

**¶3**          Davis and Williams each were charged with possession of drug paraphernalia.  Four officers testified, including one who questioned Davis about the items found in the home.  The officer testified Davis admitted she and Williams lived in the home and shared the master bedroom.  He testified that when Davis learned what officers had found in the home, she stated that whatever the officers had found belonged to her, that she would "take the blame" for anything found, and that she did not want Williams to go to jail.  Williams did not object to the officer's testimony.

**¶4**          The jury found Williams guilty of one count of possession of drug paraphernalia and the court sentenced him to 1.75 years' imprisonment.  This timely appeal followed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised

---

[1]      We view the facts and all reasonable inferences therefrom in the light most favorable to sustaining the jury's verdict.  *State v. Vandever*, 211 Ariz. 206, 207, n.2 (App. 2005).

Statutes sections 12-120.21(A)(1) (2017), 13-4031 (2017), and -4033(A)(1) (2017).[2]

**DISCUSSION**

**¶5** Williams argues that the hearsay statements by Davis that the officer recounted directly implicated him, in violation of his Sixth Amendment right to confrontation. We review arguments raised for the first time on appeal for fundamental error. *State v. Goudeau*, 239 Ariz. 421, 457, ¶ 144 (2016). To prevail under this standard of review, a defendant must establish both that fundamental error occurred and that the error caused him prejudice. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 20 (2005).

**¶6** Fundamental error is error that "goes to the foundation of [a defendant's] case, takes away a right that is essential to his defense, and is of such magnitude that he could not have received a fair trial." *Id.* at 568, ¶ 24. The showing required to establish prejudice "differs from case to case." *Id.* at ¶ 26. A defendant "must show that a reasonable jury, applying the appropriate standard of proof, could have reached a different result." *Id.* at 569, ¶ 27.

**¶7** A defendant may be deprived of his Sixth Amendment right to confrontation when a non-testifying co-defendant's confession incriminating the defendant is admitted at their joint trial. *Bruton v. United States*, 391 U.S. 123, 137 (1968) (confession inadmissible despite limiting jury instruction). But this rule only applies when the co-defendant's confession explicitly implicates the defendant. *State v. Blackman*, 201 Ariz. 527, 538, ¶¶ 42, 48 (App. 2002); *see also Richardson v. Marsh*, 481 U.S. 200, 208 (1987) (*Bruton* does not extend "to confession that was not incriminating on its face" but which "became so only when linked with evidence introduced later at trial.").

**¶8** In *Blackman*, for example, a co-defendant had said that "about 30" men were present at an event at which the State alleged several boys, including the defendant, forced a victim to engage in sex. *Blackman*, 201 Ariz. at 532, ¶ 4. The co-defendant denied having sex with the victim, but conceded, in the hearsay statement recounted at trial, that things "got out of control[;] it got out of hand." 201 Ariz. at 537, ¶ 35. The court held the co-defendant's statement did not violate the defendant's confrontation clause rights because it did not directly refer to him and was not "facially

---

[2] Absent material revision after the date of an alleged offense, we cite a statute's current version.

incriminating." 201 Ariz. at 540, ¶ 52 (quoting *State v. Herrera*, 174 Ariz. 387, 395 (1993)). The court explained that in order for the statement to incriminate the defendant, the jury would have to make "at least two inferential steps," removing the case "from the 'narrow exception' created by the ruling in *Bruton*." *Id.* at ¶ 53.

**¶9** Here, Davis's statements did not facially or expressly implicate Williams. Her statements, in fact, expressly implicated herself, and exculpated Williams. That is why in closing argument, Williams's counsel cited those statements in arguing the jury should find Davis guilty, but not Williams. In order for the hearsay statements to incriminate Williams, the jury would have to make at least two inferential steps: (1) that Davis was not telling the truth when she told the officer that all of the illegal items in the house belonged only to her; and (2) that Davis was taking the "blame" for Williams, instead of for a third person. As with the co-defendant's statements in *Blackman*, these necessary inferences remove this case from a *Bruton* analysis. The superior court did not err, therefore, in admitting the hearsay statements.[3]

## CONCLUSION

**¶10** For the foregoing reasons, Williams's conviction and sentence is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[3] Williams did not ask the superior court to give a limiting instruction with respect to the hearsay statements, and does not argue on appeal that even if the statements did not directly implicate him, the omission of such an instruction was fundamental error.