NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

LUIS MARTINEZ-ROMERO, *Appellant*.

No. 1 CA-CR 16-0441
FILED 4-4-2017

Appeal from the Superior Court in Maricopa County
No. CR2013-002008-001 DT
The Honorable Daniel J. Kiley, Judge

**AFFIRMED AS CORRECTED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Office of Nicole Farnum, Phoenix
By Nicole Farnum
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Kent. E. Cattani and Chief Judge Michael J. Brown joined.

**W I N T H R O P**, Judge:

**¶1**  Luis Martinez-Romero ("Appellant") appeals his convictions and sentences for three counts of sexual abuse, fourteen counts of sexual conduct with a minor, two counts of attempted sexual conduct with a minor, and one count of child molestation.  Eleven of Appellant's convictions are dangerous crimes against children.  Appellant's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating that she has searched the record on appeal and found no arguable question of law that is not frivolous.  Appellant's counsel therefore requests that we review the record for fundamental error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999) (stating that this court reviews the entire record for reversible error).  This court allowed Appellant to file a supplemental brief *in propria persona*, but he has not done so.

**¶2**  We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A).[1]  Finding no reversible error, we affirm; however, we correct the sentencing minute entry to reflect that Counts 9 and 10 are repetitive offenses.

### FACTS AND PROCEDURAL HISTORY[2]

**¶3**  In April 2013, a grand jury issued an indictment, charging Appellant with twenty-one felonies:  Counts 1 and 19, sexual abuse, each a class three felony; Count 9, sexual abuse, a class five felony; Counts 2, 5, 6,

---

[1]  We cite the current version of the applicable statutes unless revisions material to this decision have occurred since the dates of the offenses, in which case we note the relevant changes herein.

[2]  We view the facts in the light most favorable to sustaining the verdicts and resolve all reasonable inferences against Appellant.  *See State v. Kiper*, 181 Ariz. 62, 64, 887 P.2d 592, 594 (App. 1994).

7, 8, 11, 12, 13, 14, 15, 16, 17, 20, and 21, sexual conduct with a minor, each a class two felony; Counts 3 and 10, attempted sexual conduct with a minor, each a class three felony; and Counts 4 and 18, child molestation, each a class two felony. *See* A.R.S. §§ 13-1001 (attempt), -1404 (sexual abuse), -1405 (sexual conduct with a minor), -1410 (molestation of a child). Counts 1 through 17 allegedly involved victim 1; Counts 18 through 21 allegedly involved victim 2. As to victim 1, Counts 1 through 8 were alleged as dangerous crimes against children because victim 1 was under the age of fifteen when those crimes were committed, *see* A.R.S. § 13-705 (formerly A.R.S. § 13-604.01), and Counts 9 through 17 were not so alleged because victim 1 was fifteen or more years of age when those crimes were committed; however, the indictment also alleged in Counts 10 through 17 that Appellant was victim 1's stepparent at the time of the crimes. All counts involving victim 2—Counts 18 through 21—were alleged as dangerous crimes against children because victim 2 was under the age of fifteen at the time those crimes were committed.

¶4        The State presented the following evidence at trial: Victim 1 was born in 1996; when she was approximately eight years old, her mother married Appellant. Beginning almost immediately after the marriage, Appellant began engaging in sexual conduct with victim 1. At trial, victim 1 testified as to specific instances of sexual conduct occurring when she was eight or nine years old, when she was eleven or twelve years old, and when she was fifteen years old.

¶5        Victim 2, who was born in 1997, is victim 1's cousin; Appellant was married to her aunt. Victim 2 testified that Appellant touched her inappropriately on three occasions when she was thirteen and fourteen years old. In November 2011, victim 2 told her mother (victim 1's aunt) about the sexual abuse, and they reported it to the police. After being questioned by her aunt the next day, victim 1 also acknowledged being sexually abused by Appellant, which led to an additional police report. Because the last incident of sexual abuse had occurred approximately four days earlier, and victim 1 had not bathed since, victim 1 received a medical examination, and the attending nurse swabbed victim 1's body for potential DNA evidence. A DNA analyst obtained a DNA profile on two samples from victim 1's lower back. In the opinion of the DNA analyst, Appellant could not be excluded as being a contributor of the DNA samples.

¶6        During an interview with a detective, Appellant confessed to the allegations made by victims 1 and 2. He later wrote letters of apology to them and to victim 1's mother.

¶7 The jury acquitted Appellant of Count 18, molestation of a child, but convicted him as charged of each of the other twenty counts. The trial court sentenced Appellant to consecutive terms of life imprisonment for Counts 2 and 5, and a combination of consecutive (and concurrent) terms totaling 122 years, to be served consecutively to the two life terms. Appellant filed a timely notice of appeal.

**ANALYSIS**

¶8 We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881; *Clark*, 196 Ariz. at 537, 2 P.3d at 96. The record reflects that Appellant received a fair trial. The evidence presented at trial was substantial and supports the verdicts. Appellant was represented by counsel at all stages of the proceedings and was present at all critical stages. The jury was properly comprised of twelve members. The court properly instructed the jury on the elements of the charges, the State's burden of proof, and the necessity of a unanimous verdict. The jury returned a unanimous verdict on twenty of the twenty-one charges in the indictment, and each verdict was confirmed by juror polling. The court received and considered a presentence report and gave Appellant the opportunity to speak before sentencing him.[3] The proceedings were conducted in compliance with Appellant's constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶9 After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Appellant has

---

[3] The sentences imposed for Counts 9 and 10 (sexual abuse and attempted sexual conduct with a minor) reflect the fact that Appellant was sentenced as a repetitive offender with regard to those counts. *See* A.R.S. § 13-703(A) (formerly A.R.S. § 13-702.02). This is consistent with the nature of the offenses and the State's allegation of multiple offenses not committed on the same occasion. However, the trial court's sentencing minute entry identifies the counts as non-repetitive. Accordingly, we correct the June 10, 2016 sentencing minute entry to reflect that Counts 9 and 10 are repetitive offenses. *See State v. Vandever*, 211 Ariz. 206, 210, ¶ 16, 119 P.3d 473, 477 (App. 2005) (recognizing that this court must correct an inadvertent error found in the sentencing minute entry).

thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

**¶10** Appellant's convictions and sentences are affirmed. The trial court's June 10, 2016 sentencing minute entry is corrected to reflect that Counts 9 and 10 are repetitive offenses.



AMY M. WOOD • Clerk of the Court
FILED: AA