NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DOUGLAS DOYLE DILLON, *Appellant.*

No. 1 CA-CR 16-0697
FILED 6-6-2017

Appeal from the Superior Court in Coconino County
No. S0300CR201500022
The Honorable Dan R. Slayton, Judge

**AFFIRMED AS CORRECTED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael T. O'Toole
*Counsel for Appellee*

Coconino County Public Defender's Office, Flagstaff
By Brad Bransky
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge James P. Beene joined.

**W I N T H R O P**, Judge:

¶1        Douglas Doyle Dillon ("Appellant") appeals his convictions and sentences for residential burglary, theft, and criminal damage. Appellant argues that the trial court abused its discretion in denying his requests for a jury instruction pursuant to *State v. Willits*, 96 Ariz. 184, 191, 393 P.2d 274, 279 (1964). Finding no abuse of discretion, we affirm; however, we correct the sentencing minute entry to reflect that Appellant was sentenced as a repetitive offender.[1]

## FACTS AND PROCEDURAL HISTORY[2]

¶2        The State charged Appellant by indictment with six crimes resulting from four residential burglaries/thefts in Coconino County in 2014. A jury convicted Appellant as charged of three counts of second-degree burglary, each a class three felony (Counts 1, 3, and 5); theft of property with a value of $3,000 or more, a class four felony (Count 2); and two counts of criminal damage, one a class two misdemeanor (Count 4), and the other a class six felony (Count 6). The trial court sentenced Appellant to consecutive and concurrent minimum terms of imprisonment in the Arizona Department of Corrections totaling twelve years.

¶3        We have jurisdiction over Appellant's timely appeal. *See* Ariz. Const. art. 6, § 9; A.R.S. §§ 12–120.21(A)(1) (2016), 13–4031 (2010), 13–4033(A) (2010).

## ANALYSIS

¶4        Appellant argues the trial court abused its discretion in denying his requests for a *Willits* instruction based on the State's failure to

---

[1]        The trial court's sentencing minute entry indicates Appellant was sentenced as a non-repetitive offender; however, the court found he had one historical prior conviction and sentenced him as a repetitive offender. *See* Ariz. Rev. Stat. ("A.R.S.") § 13–703(B) (Supp. 2016). Accordingly, we correct the court's September 21, 2016 sentencing minute entry to reflect that Appellant's convictions are repetitive offenses. *See State v. Vandever*, 211 Ariz. 206, 210, ¶ 16, 119 P.3d 473, 477 (App. 2005) (recognizing this court must correct an inadvertent error found in the sentencing minute entry).

[2]        We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant. *See State v. Kiper*, 181 Ariz. 62, 64, 887 P.2d 592, 594 (App. 1994).

obtain custody of and preserve an outside surveillance video that purportedly showed the suspect vehicle at the December 23, 2014 burglary of William S.'s residence. Relying on *State v. Perez*, 141 Ariz. 459, 687 P.2d 1214 (1984), Appellant maintains that a *Willits* instruction was necessary because, had the Coconino County Sheriff's Office made a better effort to obtain the video from William S., the video might have been preserved.

**¶5**        We review a trial court's denial of a *Willits* instruction for an abuse of discretion. *State v. Glissendorf*, 235 Ariz. 147, 150, ¶ 7, 329 P.3d 1049, 1052 (2014). "To be entitled to a *Willits* instruction, a defendant must prove that (1) the state failed to preserve material and reasonably accessible evidence that could have had a tendency to exonerate the accused, and (2) there was resulting prejudice." *State v. Smith*, 158 Ariz. 222, 227, 762 P.2d 509, 514 (1988) (citing *Perez*, 141 Ariz. at 464, 687 P.2d at 1219). "To show that evidence had a 'tendency to exonerate,' the defendant must do more than simply speculate about how the evidence might have been helpful"; instead, "there must be a real likelihood that the evidence would have had evidentiary value." *Glissendorf*, 235 Ariz. at 150, ¶ 9, 329 P.3d at 1052.

**¶6**        As an initial matter, the State's suggestion that a *Willits* instruction was unwarranted simply because the State never had possession of the unpreserved video is, by itself, unpersuasive. *See Perez*, 141 Ariz. at 463, 687 P.2d at 1218 (recognizing that law enforcement officers should attempt to secure possession of potentially relevant materials by requesting them from the owner or, if necessary, pursuant to a search warrant). Although the State has no affirmative duty to seek out and gain possession of potentially exculpatory evidence, the State does have a duty to act in a timely manner to ensure the preservation of obviously material evidence when it is aware of that evidence and the evidence is reasonably within its grasp. *Id.* "This rule is necessary to assure that the police are neither intentionally selective or elusive, nor careless, negligent, or lazy, in seizing and assuring the preservation of material evidence." *Id.* at 464, 687 P.2d at 1219.

**¶7**        Nevertheless, the record supports the State's contention that the video at issue was not reasonably accessible to law enforcement. Here, Deputy Shouse viewed the outside surveillance video at William S.'s home shortly after the burglary of the home on December 23, 2014. Although the sheriff's office requested the video (and another surveillance video showing the inside of William S.'s garage), William S. sent only the inside surveillance video. The detective who received that video later informed the prosecutor that he had followed up on the request for the outside video but had been informed that William S. "was unable to get [the outside

video] to record and no longer has that particular footage."[3]  Thus, in contrast to the situation in *Perez*, the record in this case does not demonstrate that the missing video was reasonably accessible.

¶8          Moreover, even if the video had been accessible, Appellant fails to make the requisite showing of prejudice.  As the trial court correctly recognized, Appellant's contention that the surveillance video would have tended to exonerate him is based solely on speculation.  *See Glissendorf*, 235 Ariz. at 150, ¶ 9, 329 P.3d at 1052.  Appellant has presented no evidence to support his assertion that the missing video would have supported his mistaken identity defense, let alone that had the video been presented to the jury, he would have been acquitted of the December 23, 2014 burglary.[4] Because there is no evidence that Appellant was prejudiced by the failure to obtain and preserve the video, the trial court did not abuse its discretion when it denied Appellant's request for a *Willits* instruction.  *See Perez*, 141 Ariz. at 464, 687 P.2d at 1219.

¶9          Although not raised as a separate issue, Appellant also states the prosecutor elicited precluded testimony regarding the suspect vehicle in the burglary of William S.'s home.  Even were we to agree with Appellant's characterization of the testimony—which we do not— Appellant did not object at trial and does not further explain or develop his argument on appeal; thus, he has waived it absent fundamental, prejudicial error, *see State v. Henderson*, 210 Ariz. 561, 567-68, ¶¶ 19-26, 115 P.3d 601, 607-08 (2005), which has not been shown here.

---

[3]      At trial, Deputy Shouse testified that, when he met with William S. on the day of the burglary, William S. "was having problems getting [his video] equipment to operate," and was unable to immediately download the video for the deputy.  William S. testified he had not sent the outside video to the sheriff's office because "we couldn't download that video. Don't know why."

[4]      If anything, it is reasonable to infer the outside video would have further helped to inculpate Appellant.  As the trial court noted to defense counsel during argument on Appellant's motion in limine, "candidly I['ve] got to say [the inside tape shows] a pretty good likeness of your client in the garage."

## CONCLUSION

¶10        Appellant's convictions and sentences are affirmed.  The trial court's September 21, 2016 sentencing minute entry is corrected to reflect Appellant was sentenced as a repetitive offender.



AMY M. WOOD • Clerk of the Court
FILED:  AA