NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

DAVID MICHAEL BUSTAMANTE, *Appellant.*

No. 1 CA-CR 14-0509
FILED 3-17-2016

---

Appeal from the Superior Court in Maricopa County
No.  CR2013-418744-001 SE
The Honorable John R. Ditsworth, Judge
The Honorable Colleen L. French, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Myles A. Braccio
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Donn Kessler joined.

---

**W I N T H R O P**, Judge:

**¶1** David Michael Bustamante ("Appellant") appeals his convictions and sentences for resisting arrest by passive resistance, possession or use of dangerous drugs, and possession or use of marijuana. He argues the trial court erred in precluding him from attempting to impeach testifying detectives with a pending civil lawsuit in an unrelated case. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY[1]

**¶2** In the afternoon of April 27, 2013, three police detectives and a Department of Corrections investigator conducted a traffic stop of Appellant's moped. The investigator attempted to pat Appellant down for weapons, but Appellant broke away and ran down an alley, with the officers in pursuit. Appellant ignored police commands to stop, and as he ran, he reached into his pocket and tossed a baggie containing usable quantities of marijuana and methamphetamine into a back yard. Appellant was eventually caught, attempted to break free, and was forcibly wrestled to the ground, handcuffed, and arrested.[2]

---

[1] We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant. *See State v. Kiper*, 181 Ariz. 62, 64, 887 P.2d 592, 594 (App. 1994).

[2] At the scene, Appellant acknowledged he "may have resisted" arrest, but he denied possessing "any dope." He later claimed one of the arresting officers (Detective Ekren) had used excessive or improper force during the incident. During the investigation of Appellant's claim, Appellant admitted he "threw something when the police were chasing after him, and . . . they found what he had thrown." At the conclusion of the investigation, the police department's chain of command determined that the detective's use of force fell within departmental policy.

**¶3**    The State charged Appellant by indictment with Count I, resisting arrest, a class six felony; Count II, possession or use of dangerous drugs, a class four felony; and Count III, possession or use of marijuana, a class six felony.  Appellant chose not to attend his trial, and at the trial's conclusion, the jury found him guilty as charged of Counts II and III; as to Count I, the jury found him guilty of the lesser-included offense of resisting arrest by passive resistance, a misdemeanor.  After finding Appellant had seven prior felony convictions, the court sentenced him to concurrent terms, with the longest being ten years' incarceration in the Arizona Department of Corrections.

**¶4**    We have jurisdiction over Appellant's timely appeal pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes sections 12–120.21(A)(1) (2003), 13–4031 (2010), and 13–4033(A) (2010).

## ANALYSIS

**¶5**    Appellant argues the trial court erred in precluding him from impeaching the arresting detectives with a pending civil lawsuit in federal court in a completely unrelated case.  The court precluded evidence about the pending lawsuit after determining it was "irrelevant."  We find no error.

**¶6**    In general, we review a trial court's evidentiary rulings for an abuse of discretion.  *State v. Ellison*, 213 Ariz. 116, 129, ¶ 42, 140 P.3d 899, 912 (2006); *State v. Ayala*, 178 Ariz. 385, 387, 873 P.2d 1307, 1309 (App. 1994).  We review *de novo*, however, evidentiary rulings that implicate the Confrontation Clause.  *Ellison*, 213 Ariz. at 129, ¶ 42, 140 P.3d at 912; *State v. Bronson*, 204 Ariz. 321, 324, ¶ 14, 63 P.3d 1058, 1061 (App. 2003).  We will not reverse a conviction for evidentiary error unless a reasonable probability exists that the verdict would have been different had the ruling been otherwise.  *See State v. Van Adams*, 194 Ariz. 408, 416, ¶ 23, 984 P.2d 16, 24 (1999); *State v. Lacy*, 187 Ariz. 340, 349, 929 P.2d 1288, 1297 (1996).

**¶7**    A defendant has the right under the Confrontation Clause to cross-examine witnesses about their bias, motive, prejudice, and issues that directly bear on credibility.  *See generally Davis v. Alaska*, 415 U.S. 308, 315–18 (1974); *State v. Gertz*, 186 Ariz. 38, 42, 918 P.2d 1056, 1060 (App. 1995).  However, the Confrontation Clause does not prevent a trial judge from imposing *any* limits on inquiry into the potential bias of a prosecution witness; to the contrary, trial judges retain wide latitude to impose reasonable limits on such cross-examination based on concerns about harassment, prejudice, confusion of the issues, the witness's safety, or

interrogation that is repetitive or only marginally relevant. *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). To determine whether a defendant was denied the opportunity to present evidence relevant to issues in the case or a witness's credibility, we review cross-examination restrictions on a case-by-case basis. *State v. Cañez*, 202 Ariz. 133, 153, ¶ 62, 42 P.3d 564, 584 (2002); *see also State v. Riggs*, 189 Ariz. 327, 333, 942 P.2d 1159, 1165 (1997) ("A defendant's fundamental right to confront and cross-examine adverse witnesses is 'limited to the presentation of matters admissible under ordinary evidentiary rules, including relevance.'" (quoting *State v. Dickens*, 187 Ariz. 1, 14, 926 P.2d 468, 481 (1996))).

¶8 After a thorough review of the record, we conclude the trial court did not err in precluding evidence of the pending civil lawsuit against Detectives Ekren, Ulibarri, and Dobson because the lawsuit did not bear on the credibility of any witness and was irrelevant to the issues at trial. *See* Ariz. R. Evid. 401. As the trial court recognized, the pending lawsuit was simply an allegation against the detectives by some other person the detectives had arrested at an earlier time. The allegation was not evidence, and there had been no adjudication that the detectives had committed any misconduct.

¶9 Further, the cases relied upon by Appellant, including *Gertz*, are distinguishable because the pending civil lawsuit did not involve Appellant or his arrest by the detectives.[3] The lawsuit was not originated by the detectives, was not against Appellant, and did not arise from the same transaction that was the subject of the prosecution. *See Gertz*, 186 Ariz. at 42, 918 P.2d at 1060. Instead, the lawsuit involved the detectives' prior arrest of another person based upon an outstanding warrant.

¶10 Appellant speculates that evidence of the pending lawsuit could have shown the detectives had motivation to fabricate against him because of ulterior concerns they had regarding the lawsuit; however, Appellant's attempted impeachment would not have demonstrated any bias from the detectives against him, because the pending civil lawsuit had no bearing on, or relationship to, Appellant or his arrest. *See People v. Ayers*, 556 N.Y.S.2d 659, 659 (N.Y. App. Div. 1990) (holding that a trial court "did

---

[3] In *Gertz*, this court held that "evidence of a civil action *by a complaining witness against the defendant, arising from the same transaction that is the subject of the prosecution*, has 'a direct bearing on the credibility of the witness to show bias and prejudice, as well as the witness' relationship to the case.'" 186 Ariz. at 42, 918 P.2d at 1060 (emphasis added) (quoting *State v. Burris*, 131 Ariz. 563, 567, 643 P.2d 8, 12 (App. 1982)).

not improvidently exercise its broad discretion to limit cross-examination by precluding the defendant from questioning the detective with regard to [a] wholly unrelated pending civil lawsuit" filed by a defense witness because the lawsuit "would not suggest the existence of any hostile feelings toward the defendant or provide a motive for the detective to fabricate" about the homicide with which the defendant was charged (internal citation omitted)). On this record, the trial court did not abuse its broad discretion in precluding Appellant from impeaching the detectives with an irrelevant pending civil lawsuit, previously filed against them by a different defendant resulting from a different arrest. *See Riggs*, 189 Ariz. at 333, 942 P.2d at 1165.[4]

## CONCLUSION

¶11         Appellant's convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama

---

[4]         Moreover, any possible error was, on this record, harmless "because it did not contribute to or affect the verdict." *State v. Almaguer*, 232 Ariz. 190, 198, ¶ 25, 303 P.3d 84, 92 (App. 2013) (citing *Gertz*, 186 Ariz. at 42, 918 P.2d at 1060; *Van Arsdall*, 475 U.S. at 682). Appellant "was faced with strong, if not overwhelming, evidence of guilt," *id.* at ¶ 26, the other witnesses testified "consistently about the incident," *id.*, and the jury had substantial information from which to judge Detective Ekren's credibility. *See generally Burris*, 131 Ariz. at 567, 643 P.2d at 12 (finding no reversible error in the court's decision to preclude impeachment of a witness with a civil lawsuit where "[t]he motive and interest of [the witness] in the criminal prosecution [was] quite clear without the rejected testimony").