NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

FRANK LEONARD BROWN, *Appellant.*

No. 1 CA-CR 18-0143
FILED 6-13-2019

Appeal from the Superior Court in Maricopa County
No.  CR2016-002867-001
The Honorable Jay R. Adleman, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

The Gillespie Law Firm P.C., Phoenix
By Craig C. Gillespie, Dave Roscoe
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Jon W. Thompson joined.

---

**J O N E S,** Judge:

¶1          Frank Brown appeals his convictions and sentences for seven domestic violence offenses. Brown argues the trial court erred by: (1) disqualifying his first trial counsel from continuing representation; (2) precluding the victim from testifying about her interaction with a police officer outside of court during trial; and (3) admitting other-act evidence. Brown also contends, for the first time on appeal, that the prosecutor engaged in misconduct during closing arguments. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          On November 1, 2015, Brown struck his girlfriend of five years (the victim), in the face during an argument in a restaurant parking lot.[1] When the victim tried to flee, Brown followed her into the restaurant's restroom, pointed a handgun at her chest, and pushed her against a wall. After the couple left the bathroom, the victim went to a hotel with her friends. Meanwhile, Brown went to the victim's apartment and slashed the mattress with a knife.

¶3          Brown persuaded the victim to return to her apartment where she noticed the damaged mattress, and a physical altercation ensued. Brown then "torture[d]" the victim for "a couple hours," choked her with his hands, and confined her "against the door with [a] knife" before he and the victim eventually fell asleep in separate rooms.

¶4          The following day, Brown held the victim down on the floor and said, "I'm going to rape you." Brown forced oral and vaginal sex on the victim while she pleaded with him to stop.

---

[1]     We view the facts in the light most favorable to upholding the verdicts and resolve all reasonable inferences against the defendant. *State v. Harm*, 236 Ariz. 402, 404, ¶ 2 n.2 (App. 2015) (citing *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

¶5            Later that day, the victim reported the events to law enforcement and completed a petition for an order of protection against Brown. The victim also relayed the events to a forensic nurse during a physical examination. Brown did not refute the victim's references to these violent events in a confrontation call orchestrated by law enforcement. Indeed, Brown apologized and acknowledged he had thought about shooting the victim in the restaurant bathroom because he was afraid she was going to leave him. Then, after being advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 478-79 (1966), Brown made incriminating statements. The State subsequently charged Brown with nine felony domestic violence offenses.

¶6            Meanwhile, the victim ignored law enforcement's attempts to contact her and, instead, participated in several telephone conversations and personal meetings with Brown's retained trial counsel, Jocquese Blackwell. One of the meetings took place in a hotel room Blackwell rented for the victim. In the recordings, the victim recanted her prior statements and denied Brown had threatened or harmed her.

¶7            When Blackwell advised of his intent to introduce the recordings of his conversations with the victim into evidence, the State moved to have him disqualified from Brown's representation. After considering Blackwell's testimony at an evidentiary hearing, the trial court found Blackwell to be a necessary witness and disqualified him from further representation. Although Blackwell sought and obtained a stay of the trial court proceedings, he never filed a petition seeking special action review of the decision.

¶8            Thereafter, the State secured the victim's presence at trial, where she recanted the reports to law enforcement and the forensic nurse that implicated Brown in the domestic violence offenses. The recorded conversations were also admitted, and Blackwell testified about the circumstances surrounding his conversations with the victim and his decision to pay for her hotel room.

¶9            The jury found Brown guilty of one count each of assault, kidnapping, and criminal damage and two counts each of aggravated assault and sexual assault. The jury also determined the offenses were domestic violence offenses. The trial court sentenced Brown to a combination of concurrent and consecutive prison sentences totaling fourteen years. Brown timely appealed, and we have jurisdiction pursuant

to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1),[2] 13-4031, and -4033(A)(1).

## DISCUSSION

### I.   Disqualification of Counsel

¶10        Brown argues the trial court violated his constitutional right to counsel of his choice when it determined Blackwell was a necessary trial witness and disqualified him from Brown's representation.  Brown also contends the court should have permitted Blackwell to testify for the limited purpose of establishing foundation for one phone conversation which did not include Blackwell's associate[3] and then allowed him to continue representing Brown.  "We review a trial court's decision on the disqualification of counsel for [an] abuse of discretion." *State v. Tucker*, 205 Ariz. 157, 162, ¶ 23 (2003) (citing *State v. Jones*, 185 Ariz. 471, 482 (1996)).

¶11        As a matter of professional ethics:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
> (1)    the testimony relates to an uncontested issue;
>
> (2)    the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3)    disqualification of the lawyer would work substantial hardship on the client.

Ariz. R. Sup. Ct. 42, ER 3.7(a).  A lawyer-witness is considered "necessary" for purposes of ER 3.7 if the proposed testimony is relevant, material, and unobtainable elsewhere.  *Sec. Gen. Life Ins. v. Superior Court*, 149 Ariz. 332, 335 (1986).

¶12        The trial court determined Blackwell's testimony provided the foundation for the victim's recorded statements as well as crucial information to an important issue at trial: how and why the victim's story

---

[2]     Absent material changes from the relevant date, we cite the current version of rules and statutes.

[3]     The record is unclear as to whether Blackwell's associate participated in *all but one* of the conversations or *only one* conversation.

had changed. Additionally, at the time of the disqualification order, the victim had avoided service of the State's subpoena and was unavailable to provide this information herself. Thus, Blackwell's testimony was relevant, material, and unobtainable elsewhere. On this record, the court did not abuse its discretion in finding Blackwell to be a necessary witness and disqualifying him from representing Brown. The mere availability of another remedy does not compel a different conclusion. *See State v. Givens*, 161 Ariz. 278, 281 (App. 1989) (concluding "[a] trial court has acted in its sound discretion in rejecting possible alternatives . . . if reasonable judges could differ about the proper disposition, even though in a strict literal sense, the [chosen remedy] is not 'necessary'") (citing *Arizona v. Washington*, 434 U.S. 497, 506 (1978)).

## II. Preclusion of Victim's Testimony

**¶13** Brown argues the trial court erred when it precluded him from recalling the victim as a witness to testify about a conversation she had with a law enforcement officer in the hallway after she finished testifying. Alternatively, Brown argues the court erred in failing to conduct an evidentiary hearing "to allow the parties to question [the officer] as to his motives." "Decisions regarding the admission or exclusion of evidence are left to the sound discretion of the trial court and will be reversed on appeal only when they constitute a clear and prejudicial abuse of the court's discretion." *State v. Ayala*, 178 Ariz. 385, 387 (App. 1994) (internal citations and quotations omitted). We find no abuse of discretion here.

**¶14** "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Ariz. R. Evid. 401. "Irrelevant evidence is not admissible." Ariz. R. Evid. 402. But even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . confusing the issues." Ariz. R. Evid. 403.

**¶15** The record reflects that a law enforcement officer who was not involved with this case approached the victim in the hallway after she finished testifying. Over the course of several minutes, the victim declined requests to "chat" with the officer, purportedly about an unrelated investigation, and felt harassed by his continued attention. According to Brown's counsel, "[t]he only way this interaction ended is because . . . [the victim's counsel] said, if you're not under arrest, if he's not placing you under arrest, walk away from this officer." Brown characterized these events as "witness tampering" and asked to recall the victim to testify about the incident. After listening to the audio recording of the conversation, the

trial court precluded Brown from introducing the evidence. In doing so, the court determined that: there was no reason to believe the conversation altered the victim's testimony or caused her to "recant her recantation"; the event was irrelevant to the determination of any fact necessary to prove Brown's culpability in the domestic violence offenses; and evidence of the confrontation was likely to confuse the jury as to whose conduct they were evaluating.

¶16 The trial court's findings are supported by the record, and we defer to them. *See State v. Chapple*, 135 Ariz. 281, 297 n.18 (1983) (noting the trial court "has a more immediate grasp of all the facts of the case, an opportunity to see the parties, lawyers and witnesses, and [it] can better assess the impact of what occurs" in court). The findings also support the court's conclusion that the evidence was irrelevant and inadmissible or, alternatively, relevant but substantially outweighed by a danger of confusing the issues. Accordingly, we find no error.

### III.    Other-Act Evidence

¶17 Brown argues the trial court erred in admitting other-act evidence pursuant to Arizona Rule of Evidence 404(b) without first conducting an evidentiary hearing to determine that the other acts in fact occurred. However, Brown expressly and unequivocally denied that an evidentiary hearing was necessary to determine 404(b) admissibility and cannot now assert reversible error resulted from the circumstances he created. *See State v. Pandeli*, 215 Ariz. 514, 528, ¶ 50 (2007) (declining to consider an alleged error in the admission of evidence where the defendant "explicitly stated that he did not" object to its admissibility) (citing *State v. Moody*, 208 Ariz. 424, 453, ¶ 111 (2004)).

¶18 Brown also argues the trial court erred in admitting other-act evidence without including a detailed explanation, on the record, of how it balanced the prejudicial nature of the evidence against its probative value. *See* Ariz. R. Evid. 403 (allowing for exclusion of relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice"). Generally, other-act evidence is admissible if: (1) the evidence is admitted for a proper purpose; (2) the evidence is relevant; (3) the evidence is not unfairly prejudicial under Rule 403; and (4) the judge gives "an appropriate limiting instruction, if the party requests one." *State v. Terrazas*, 189 Ariz. 580, 583 (1997) (citation omitted). The State must also prove by clear and convincing evidence that the other act in fact occurred and the defendant committed the act. *Id.* at 584. "We review the admission of prior[-]act evidence under Rule 404(b) for [an] abuse of discretion." *State*

*v. Beasley,* 205 Ariz. 334, 337, ¶ 14 (App. 2003) (citing *State v. Van Adams*, 194 Ariz. 408, 415, ¶ 20 (1999)).

**¶19**        Brown's reliance on *State v. Taylor*, 169 Ariz. 121 (1991), is unpersuasive.  There, our supreme court was unable to review the trial court's decision to exclude other-act evidence because it "[could ]not determine with any degree of certainty . . . whether the trial court excluded the victim's prior conviction because he considered it irrelevant or because he believed the prejudice outweighed the probative value." *Id.* at 125.  The issue in *Taylor* was thus the lack of finding regarding the Rule 403 balance — not whether that finding was sufficiently detailed.  *See id.* at 125-26. Indeed, Brown fails to identify any authority that requires the court to do more than place its finding regarding the Rule 403 balancing of prejudice and probative value on the record — which is precisely what occurred here. We find no error.

## IV.    Prosecutorial Misconduct

**¶20**        Finally, Brown claims the prosecutor engaged in misconduct during closing arguments when she stated Brown was "clearly guilty" of the charged offenses. Because Brown did not object to the prosecutor's comments at trial, we review for fundamental error.  *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005) (citing *State v. Bible*, 175 Ariz. 549, 588 (1993)).

**¶21**        "Prosecutorial misconduct 'is . . . intentional conduct which the prosecutor knows to be improper and prejudicial, and which he pursues for any improper purpose with indifference to a significant resulting danger of mistrial.'" *State v. Aguilar*, 217 Ariz. 235, 238-39, ¶ 11 (App. 2007) (quoting *Pool v. Superior Court*, 139 Ariz. 98, 108-09 (1984)).  The prosecutor's argument that Brown was "clearly guilty" was not improper, but rather, a conclusion to be drawn from the evidence.  *See Bible*, 175 Ariz. at 602 ("[D]uring closing arguments counsel may summarize the evidence, make submittals to the jury, urge the jury to draw reasonable inferences from the evidence, and suggest ultimate conclusions.") (citations omitted).  Because the challenged statements do not amount to misconduct, no error, fundamental or otherwise, occurred.

## CONCLUSION

¶22       Brown's convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA