NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

v.

SCOTT THOMAS HASLOCK,
*Appellant*.

No. 1 CA-CR 19-0476

FILED 8-27-2020

Appeal from the Superior Court in Coconino County
No. S0300CR201500927
The Honorable Mark R. Moran, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael Valenzuela
*Counsel for Appellee*

Lane Hupp & Crowley, PLC, Phoenix
By Jonathan Hupp
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge D. Steven Williams joined.

_____

**W E I N Z W E I G**, Judge:

¶1          Scott Haslock appeals his convictions and sentences for aggravated assault, criminal damage, endangerment and driving under the influence.  We affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2          Haslock sped his rental car down a two-lane highway at night.  His driving was erratic.  He drifted over the double yellow line, weaving in and out of oncoming traffic and narrowly missed at least one driver who veered to avoid a collision.  Haslock barreled forward until he struck a Toyota Prius from behind—launching the Prius off the road, where it rolled nearly 100 feet before falling down a 30-foot embankment.  A witness described seeing "brake lights come on, a bunch of dust, and two vehicles exit the roadway."

¶3          A father and son were in the Prius, along with their dog.  First responders used a "jaws of life" to rescue the father from the car.  He was airlifted to the hospital where he remained in intensive care for three days.  Son was also injured.  The dog survived.  The Prius was "[t]otaled."

¶4          Haslock pulled over and slumped down inside his car.  The paramedics and a police officer reported that Haslock smelled of alcohol and appeared confused.  The officer added that Haslock had "red watery eyes" and a "very dazed expression."  Haslock denied he had been drinking alcohol, but then admitted he had "a couple drinks."  Field sobriety tests reflected that Haslock was impaired and he was arrested for suspicion of driving under the influence.  An inventory search revealed marijuana in the trunk of his vehicle.

¶5          At the station, Haslock admitted he drank alcohol an hour before the crash and breath tests showed his alcohol concentration was still .095 after two or three hours.  Haslock voluntarily submitted to a blood draw.  A state forensic scientist later tested the blood, using a retrograde

analysis to determine that Haslock had THC in his system, and testified Haslock had a BAC of at least .12 at the time of the crash.

¶6        The State charged Haslock with two counts of aggravated assault (Class 3 dangerous felonies), one count of criminal damage (a Class 4 non-dangerous felony), two counts of endangerment (Class 6 dangerous felonies) and two DUI counts (Class 1 misdemeanors) for (1) driving while under the influence of any intoxicating liquor or drug "if the person is impaired to the slightest degree" under A.R.S. § 28-1381(A)(1), and (2) driving "[w]hile there is any drug defined in § 13-3401 or its metabolite in the person's body" under A.R.S. § 28-1381(A)(3).  The superior court later dismissed the (A)(3) charge on the State's motion.  Given that dismissal, the court also granted the State's motion in limine precluding Haslock from introducing his Arizona Medical Marijuana Act (AMMA) Card.

¶7        Four days before trial, Haslock filed his fourth motion to continue because he hired new counsel.  The superior court denied the motion but authorized the new lawyer to assist Haslock's appointed counsel at trial.  *See Knapp v. Hardy*, 111 Ariz. 107, 111-12 (1974) (an indigent defendant may hire private counsel to assist the court-appointed public defender).

¶8        After a seven-day trial, the jury found Haslock guilty on all charges.  For the felony convictions, the court imposed concurrent, less-than-presumptive prison terms of six years for the aggravated assault convictions, two years for the endangerment convictions, and 1.5-years for the criminal damage conviction.  He was sentenced to time served for the DUI conviction.  Haslock timely appealed.  We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

**DISCUSSION**

**I.        Motion to Continue**

¶9        Haslock first argues the superior court violated his right to counsel of his choosing by denying his motion to continue.  The State counters that Haslock could show no extraordinary circumstances to warrant a fifth continuance.  "We review a trial court's denial of a motion to continue for an abuse of discretion," *State v. Forde*, 233 Ariz. 543, 555, ¶ 18 (2014), but we review de novo Sixth Amendment claims involving a defendant's right to counsel, *State v. Rasul*, 216 Ariz. 491, 493, ¶ 4 (App. 2007).  We find no error.

¶10        The Sixth Amendment protects the right to choose "non-publicly funded private counsel," *Robinson v. Hotham*, 211 Ariz. 165, 169, ¶ 16 (App. 2005), but that right "is not absolute [and] is subject to the requirements of sound judicial administration," *State v. Hein*, 138 Ariz. 360, 369 (1983). This right "guarantee[s] an effective advocate for each criminal defendant," but does not "ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States,* 486 U.S. 153, 159 (1988). We consider six factors to determine whether the denial of a continuance violates this right: (1) whether the court previously granted one or more continuances; (2) whether the defendant was represented by other competent counsel who was prepared for trial; (3) the potential inconvenience to litigants, counsel, witnesses and the court; (4) the complexity of the case; (5) the length of the delay; and (6) whether the requested delay was legitimate or "merely dilatory." *Hein*, 138 Ariz. at 369.

¶11        The superior court applied the appropriate factors to deny Haslock's motion to continue and the record supports its conclusion. Haslock's case had been pending for more than three years. He retained new private counsel only five days before trial. Haslock had requested and secured earlier continuances, including twice for Haslock to retain new counsel. Haslock never argued or showed that his appointed counsel was unable to represent him, appointed counsel assured the court he was ready to proceed to trial, and the new attorney was allowed to help at trial. Haslock's new attorney participated at each stage, including jury selection, opening statements, witness exams, objections and closing arguments.

¶12        A continuance would have created administrative and scheduling issues, including for victims who traveled from outside the county to attend trial and testify. *United States v. Gonzalez-Lopez,* 548 U.S. 140, 152 (2006) (trial court has "wide latitude in balancing the right to counsel of choice against the needs of fairness, and against the demands of its calendar") (citations omitted).

¶13        Haslock argued his new counsel needed more time for pretrial discovery, pointing to the superior court's *Willits* instruction.[1] But the *Willits* instruction provides no support for a continuance, only that some evidence may not have been preserved on the night of the accident. The superior court also found that Haslock's appointed counsel addressed

---

[1]        A *Willits* instruction tells jurors that they may infer from the State's loss or destruction of material evidence that the evidence would have been unfavorable to the State. *State v. Willits*, 96 Ariz. 184, 191 (1964); *State v. Fulminante*, 193 Ariz. 485, 503, ¶ 62 (1999).

many of these concerns. We affirm the superior court's denial of his motion to continue trial.

## II.  Exclusion of Evidence

**¶14**  At trial, Haslock unsuccessfully sought to introduce his AMMA Card to contest the impairment element of the misdemeanor DUI offense, claiming it shows THC tolerance and will dissuade jurors from thinking his use or possession of marijuana was unlawful. We review the court's evidentiary ruling for an abuse of discretion. *See State v. Amaya-Ruiz*, 166 Ariz. 152, 167 (1990) ("The trial court has considerable discretion in determining the relevance and admissibility of evidence, and we will not disturb its ruling absent a clear abuse of that discretion.").

**¶15**  The court did not abuse its discretion. First, Haslock was charged with and convicted of driving while impaired by alcohol, not marijuana. The State presented overwhelming evidence of Haslock's alcohol impairment, including breath and BAC tests, witness accounts of erratic driving, his admissions, first responders who smelled alcohol and his failed field sobriety tests.

**¶16**  At most, the AMMA Card might have been relevant to the earlier-dismissed charge under A.R.S. § 28-1381(A)(3). *See* Ariz. R. Evid. 401 (to be relevant, evidence must have "any tendency to make a fact [of consequence] more or less probable."). But even then, an AMMA Card might justify marijuana use or possession but not impaired driving. *See* A.R.S. § 28-1381(B); *Dobson v. McClennen*, 238 Ariz. 389, 391, ¶¶ 10-11 (2015). Haslock fares no better under Rule 404(b), which precludes "evidence of other crimes, wrongs, or acts," because the State never argued Haslock's marijuana use was illegal. Nor does he show prejudice. *See State v. Ayala*, 178 Ariz. 385, 387 (App. 1994) (To require reversal, the prejudice to the defendant from the trial court's error "must be sufficient to create a reasonable doubt about whether the verdict might have been different.").

**¶17**  Beyond that, Haslock was not precluded from proving his THC tolerance and his attorney often tried, even emphasizing in closing argument "that somebody who uses a drug like marijuana . . . habitually develops a tolerance [that] lower[s] the effects it has on them."

## III.  Sentencing

**¶18**  Haslock argues the trial court erred by sentencing him as a dangerous offender for the aggravated assault and endangerment convictions. He asserts the jury did not, as required, make a dangerousness

finding on the aggravated assaults. On the endangerment convictions, Haslock contends that, although the jury did make dangerousness findings, it improperly did so at the same time it returned the guilty verdicts.

**¶19** Because Haslock approved the verdict forms and did not object to being sentenced under A.R.S. § 13-704, we review for fundamental error. *See State v. Alvarez*, 213 Ariz. 467, 469, ¶ 7 (App. 2006). To prevail on fundamental error review, a defendant must establish error that (1) "went to the foundation of the case," (2) "took from the defendant a right essential to his defense," or (3) "was so egregious that he could not possibly have received a fair trial." *State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018). As applicable here, the defendant also must show resulting prejudice. *Id.*

**¶20** A "dangerous" offense is one "involving the . . . use . . . of a deadly weapon or dangerous instrument[.]" A.R.S. § 13-105(13). A finding that an offense is dangerous subjects a defendant to the enhanced sentencing provision of A.R.S. § 13-704. A dangerousness finding is generally made by the jury during the trial's aggravation phase. If a charged offense is inherently dangerous, however, the jury need not make a separate post-guilty verdict finding of dangerousness under A.R.S. § 13-704 because the guilty verdict is enough. Ariz. R. Crim. P. 19.1(c)(2)(B); *State v. Larin*, 233 Ariz. 202, 211-13, ¶¶ 34-36, 38 (App. 2013).

**¶21** Haslock does not argue the error went to the foundation of his case, denied an essential right to his defense, or was so egregious that his trial was unfair. Nor does he contend the alleged error caused him prejudice. *See Escalante*, 245 Ariz. at 142, ¶ 21. "The defendant bears the burden of persuasion at each step." *Id.*

**¶22** The aggravated assault counts were inherently dangerous, and imposition of enhanced sentences did not require the jury to separately find the offenses were dangerous. Haslock was convicted of using his vehicle as a deadly weapon or dangerous instrument, erratically racing down a two-lane highway at night, weaving across the road and swerving into oncoming traffic. *See* A.R.S. §§ 13-1203(A)(1), -1204(A)(2). The evidence supporting the dangerousness element of the aggravated assault convictions also supports a dangerousness finding for the endangerment convictions. *See Larin*, 233 Ariz. at 211-12, ¶ 35 (quoting *State v. Patterson*, 220 Ariz. 270, 277, ¶¶ 29-31 (2012)). The court also provided a limiting instruction that the jury was not to decide dangerousness without first determining guilt. We presume the jury listened. *State v. Newell*, 212 Ariz. 389, 403, ¶ 68 (2006).

**¶23** As a final matter, the State requests we modify the sentencing minute entry because it does not conform to the trial court's verbal imposition of sentence. In his reply brief, Haslock does not object to the State's request. Based on our review of the sentencing transcript and the corresponding minute entry, we conclude the latter contains clerical errors. The sentencing minute entry dated July 30, 2019 is therefore modified as follows: Haslock's sentence for Count 2 (aggravated assault) and Count 3 (aggravated assault) are each for a mitigated term of "six (6) years" to run concurrent with each other and concurrent with the other sentences imposed for the felony convictions. *See State v. Ovante*, 231 Ariz. 180, 188, ¶ 38 (2013) ("This Court can order the minute entry corrected if the record clearly identifies the intended sentence.").

## CONCLUSION

**¶24** We affirm Haslock's convictions and sentences as modified.



AMY M. WOOD • Clerk of the Court
FILED:  AA