NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE: MH2015-000003

No. 1 CA-MH 23-0177 SP
FILED 06-11-2024

---

Appeal from the Superior Court in Maricopa County
No. MS2015-000003
The Honorable Thomas A. Kaipio, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph Cada, Aubrey Joy Corcoran
*Counsel for Appellee State of Arizona*

Maricopa County Legal Defender's Office, Phoenix
By Robert Seton Shipman
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Daniel J. Kiley and Judge D. Steven Williams joined.

---

**C A T T A N I**, Judge:

**¶1**        In 2016, a jury determined that D.M. was a sexually violent person ("SVP") under A.R.S. § 36-3707(B)(1), and he was committed to the Arizona Community Protection and Treatment Center ("ACPTC") at the Arizona State Hospital ("ASH"). In 2023, he filed a petition requesting release to a less restrictive alternative (still involving residency at ASH). The superior court granted release to a less restrictive alternative, but rejected D.M.'s objections to "boilerplate" release conditions. On appeal, D.M. challenges the release conditions imposed, arguing primarily that the superior court improperly denied his request for an evidentiary hearing regarding the need for those conditions. For reasons that follow, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        D.M. was committed to ACPTC in October 2016 after multiple incidents of exposing himself to children. Under A.R.S. § 36-3708(A), a person committed as an SVP is examined annually by a mental health professional to determine whether "conditional release to a less restrictive alternative is in the best interest of the person and will adequately protect the community." If the mental health professional recommends any change to release conditions, "the court shall hold a hearing pursuant to § 36-3709." A.R.S. § 36-3708(C).

**¶3**        Psychologist Dr. Carlos Jones examined D.M. in 2022 and opined that conditional release to a less restrictive alternative was in D.M.'s best interest and that the community would be adequately protected. Dr. Jones recommended that D.M. be placed in ACPTC's Less Restrictive Alternative ("LRA") program, and D.M. filed a petition requesting conditional release to the program based on that recommendation. The State did not oppose the recommended status change within ASH provided the court ordered D.M. to comply with standard release conditions.

**¶4**        D.M. requested an evidentiary hearing to address objections to release conditions, and the superior court directed the parties to file

supplemental memoranda addressing whether an evidentiary hearing was required. The State did so, asserting there is no statutory basis for an evidentiary hearing on objections to proposed release conditions. D.M. did not file a supplemental memorandum and instead filed a motion seeking review of the LRA conditions. The motion asserted that "boilerplate" release conditions were unwarranted and that conditions should instead be imposed on a "case-by-case basis." The motion did not address whether an evidentiary hearing was required.

¶5            In June 2023, the court heard oral argument on whether D.M. was entitled to an evidentiary hearing regarding conditions of release. The court ruled that D.M. was entitled to a hearing on his objections to release conditions but not to an *evidentiary* hearing or to present expert testimony. The court then stated that the parties could address specific objections to release conditions at the next hearing.

¶6            In September 2023, the court heard argument from the parties on the State's proposed release conditions and took the matter under advisement. The court then issued its ruling placing D.M. in the LRA program but imposing the release conditions recommended by the State. D.M. timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(10).

## DISCUSSION

¶7            D.M. argues that the superior court's denial of his request for an evidentiary hearing and opportunity to present expert testimony violated his constitutional due process rights to challenge the necessity of conditions proposed by the State under A.R.S. § 36-3710. We review constitutional issues and issues of statutory interpretation de novo. *See State v. Matthews*, 245 Ariz. 281, 283, ¶ 5 (App. 2018); *State v. Hoggatt*, 199 Ariz. 440, 442, ¶ 4 (App. 2001).

## I.     Due Process and Alleged Entitlement to Evidentiary Hearing.

¶8            Under A.R.S. § 36-3710(D), the superior court must impose conditions on release to a less restrictive alternative as required to protect the community:

> Before the court authorizes a person's conditional release to a less restrictive alternative, the court shall impose any conditions on the person that the court determines are necessary to ensure the safety of the community. . . . The court shall order the superintendent of the state hospital to

investigate the less restrictive alternative and to submit additional conditions to the court. The court shall give a copy of the conditions of release to the person and to any designated service provider.

**¶9**        Section 36-3710 does not reference an evidentiary hearing. But A.R.S. § 36-3709(A) details the procedures required for a petition for change of status for a person committed to ASH under the SVP statutes. That statute provides that the superior court "shall hold a hearing on the petition for conditional release to a less restrictive alternative within forty-five days after receiving the petition." A.R.S. § 36-3709(A). Although the State argues that D.M. did not have a right to an *evidentiary* hearing, we need not address the scope of a hearing under § 36-3709 because D.M. did not proffer any evidence or otherwise suggest that such evidence was available or necessary.

**¶10**        D.M. objected to some of the proposed conditions of release, but he did not seek evidentiary development. His motion merely asserted that the proposed "Boilerplate Release Conditions" had "no reasonable basis in fact or law," and that imposing such boilerplate conditions on "all SVP's [was] a *de-facto* violation of the requirements under § 36-3711(2) [] that a provider 'presents a specific course of treatment for the person . . .' on a case-by-case basis." (Third alteration in original.) D.M. did not proffer any evidence or witnesses who would testify regarding the conditions that would be required by ASH if he were to be granted less-restrictive status. *See State v. Villalobos*, 225 Ariz. 74, 82, ¶ 36 (2010) (rejecting challenge to superior court's refusal to permit expert testimony due to appellant's failure to make offer of proof). Accordingly, even assuming an evidentiary hearing on release conditions may be warranted under some circumstances, D.M. did not establish the need for one here. *Cf. Am. Power Prods., Inc. v. CSK Auto, Inc.*, 239 Ariz. 151, 154, ¶¶ 12–13 (2016) (holding that there is no need for an evidentiary hearing without an assertion of disputed facts).

**¶11**        The superior court recognized that D.M. had a due process right to be heard, and the court considered D.M.'s objections to the release conditions. In addition to permitting written and oral argument regarding the need for an evidentiary hearing, the court allowed D.M. to raise specific objections to the conditions imposed. The court noted that it had reviewed and considered D.M.'s petition, the State's response, the State's supplemental memorandum regarding necessity of an evidentiary hearing, D.M.'s motion regarding release conditions, the State's response, and ACPTC's 90-day evaluation submitted by the State. Accordingly, D.M. was

afforded due process regarding his challenge to the conditions imposed on his release to a less-restrictive status within ASH.

## II.     Expert Testimony.

**¶12**          D.M. contends that he was improperly denied the right to present expert testimony and that the denial was "egregious because the court considered input from . . . experts provided by the State[] in determining the necessity of [D.M.'s] conditions under § 36-3710." But D.M. did not retain an expert or request that the court appoint one. Nor did he suggest what type of evidence an expert would provide regarding conditions for less-restrictive status. Accordingly, D.M. has not established that the court's ruling regarding expert testimony had any bearing on his case. *See State v. Ayala*, 178 Ariz. 385, 387 (1994) ("Decisions on the admission and exclusion of evidence are left to the sound discretion of the trial court, and will be reversed on appeal only when they constitute a clear, prejudicial abuse of discretion.") (citations omitted).

**¶13**          The fact that the court considered testimony from experts for the State does not change the analysis. As noted above, A.R.S. § 36-3708(A) requires a "psychiatrist, psychologist or other competent professional of the state hospital or a licensed facility . . . [to] annually examine each person who is committed" and further provides that "the person who conducts the annual examination *shall* submit the examination report to the court." (Emphasis added.) Subsection (B) also provides that a person committed to ASH under A.R.S. § 36-3707 "may retain, or on the request of an indigent person the court may appoint, a competent professional to conduct the examination." A.R.S. § 36-3708(B). The court followed the procedures set forth under the statute when it considered input from the State's mental health professionals (who recommended a change favorable to D.M.) in making the determination to grant D.M.'s request for less-restrictive status.

## III.     Ruling on Release Conditions.

**¶14**          Finally, D.M. argues that the superior court's ruling regarding the conditions imposed was "conclusory" and failed to provide any explanation as to why they were necessary under § 36-3710. The court's ruling, however, referenced the parties' petitions, motions, oral arguments, and Dr. Jones' recommendation. Based on that information, the superior court reasonably determined that the release conditions submitted by the State were "necessary to ensure [D.M.'s] compliance with treatment and to protect the safety of the community" and were "in the best interest of [D.M.] or others pursuant to A.R.S. 36-3710(B) and A.R.S. 36-3710(D)."

**CONCLUSION**

¶15       We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV