NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

IN RE: MS2022-000001

No. 1 CA-MH 25-0151 SP

FILED 04-06-2026

---

Appeal from the Superior Court in Maricopa County
No. MS2022-000001
The Honorable Dean M. Fink, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph Cada
*Counsel for Appellee State of Arizona*

Maricopa County Legal Defender's Office, Phoenix
By Lindsay Ficklin
*Counsel for Appellant MS2022-000001*

_____

**MEMORANDUM DECISION**

Judge Veronika Fabian delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Vice Chief Judge David D. Weinzweig joined.

_____

**F A B I A N**, Judge:

¶1          A jury found that A.R. was a sexually violent person ("SVP") under Arizona's Sexually Violent Persons Act ("the Act") and he was committed to the Arizona Community Protection and Treatment Center ("the Center"). A.R. petitioned for release to a less restrictive alternative ("LRA"). The superior court denied the petition, finding the qualifying mental disorder had not changed.

¶2          On appeal, A.R. argues the superior court erred by permitting the State to present evidence of a new mental disorder—antisocial personality disorder ("ASPD")—at the change of status hearing. Because the superior court denied the LRA petition based expressly on the qualifying mental disorder, not ASPD, A.R. suffered no prejudice. This Court affirms.

**FACTS AND PROCEDURAL HISTORY**

¶3          In February 2022, near the end of A.R.'s sentence for a sexually violent offense, the State petitioned to commit A.R. as an SVP under the Act, A.R.S. §§ 36-3701 to 3717, based on a report from a mental health expert ("screening expert") who diagnosed A.R. with pedophilic disorder and indicated A.R. had "antisocial traits/orientation."

¶4          In August 2024, after a trial that included testimony from the screening expert and the admission of that expert's report, the jury found that A.R. was an SVP. The court committed A.R. to the Center for full confinement, noting "the underlying qualifying mental disorder in this case is pedophilic disorder, non-exclusive type, attraction to both." *See* A.R.S. § 36-3707(B)(1). This Court affirmed the commitment in a separate appeal. *See In re MS2022-000001*, 1 CA-MH 24-0168 SP (Ariz. App. Sept. 25, 2025) (mem. decision).

¶5          As required under A.R.S. § 36-3710(D), the court ordered the Center to investigate whether A.R. was ready for an LRA by November 18,

2024. In November 2024, a mental health expert contracted by the Center ("the Center expert") conducted an evaluation of A.R. and prepared a written report. She recommended against an LRA based on diagnoses of the qualifying mental disorder and ASPD.

¶6 In December 2024, A.R. petitioned for release to the Center's LRA program. *See* A.R.S. § 36-3709(B). Before the evidentiary hearing, A.R. moved to preclude evidence related to his ASPD diagnosis. After oral argument, the court denied the motion, explaining:

> [A]lthough there was no diagnosis of [ASPD], there was certainly discussion of those traits, and those traits were part of [the screening expert's] ultimate conclusion. . . . [T]he argument would certainly have been much stronger—or we might be in a different position—if [the Center expert] did not find pedophilic disorder and only found and was basing her opinion only on [ASPD], but that's not the case. . . . [T]he pedophilic disorder, in her opinion, does not seem to have changed. . . . [A]nytime an expert looks at [A.R.'s] mental health, they have to make an independent determination as to what their diagnoses are. And I don't think the Court can or should preclude [ASPD] from trial.

¶7 The superior court held an evidentiary hearing in June 2025. The Center expert testified that the qualifying mental disorder remained unchanged. She also testified regarding her new diagnosis of ASPD. She recommended A.R. not be released to an LRA. A.R. did not object to her testimony during the evidentiary hearing. A.R. cross-examined the Center expert and asked questions regarding the ASPD diagnosis.

¶8 The court denied A.R.'s petition, explaining:

> THE COURT FINDS beyond a reasonable doubt that: [A.R]'s mental disorder (specifically, Pedophilic Disorder, Nonexclusive type, Sexually attracted to both) has not changed; that [A.R] remains a danger to others; and that [A.R.] is likely to engage in acts of sexual violence if he is conditionally released to a less restrictive alternative.

¶9 A.R. timely appealed. This Court has jurisdiction pursuant to A.R.S. §§ 36-546.01, 12-2101(A)(10)(a), and 12-120.21(A)(1).

**DISCUSSION**

¶10        A.R. argues the superior court erred in permitting evidence of his ASPD diagnosis at the change of status hearing, which resulted in prejudice. "Decisions on the admission and exclusion of evidence are left to the sound discretion of the trial court, and will be reversed on appeal only when they constitute a clear, prejudicial abuse of discretion." *State v. Ayala*, 178 Ariz. 385, 387 (App. 1994) (citation modified). An error of law is an abuse of discretion. *Perguson v. Tamis*, 188 Ariz. 425, 427 (App. 1996).

¶11        A.R.'s arguments all fail for the same reason: he has not shown prejudice. To prevail, A.R. must show a "reasonable probability" that the outcome "might have been different had the error not been committed." *State v. Williams*, 133 Ariz. 220, 225 (1982) (quoting *State v. McVay*, 127 Ariz. 450, 453 (1980)). He cannot. The superior court expressly denied the petition based on the qualifying mental disorder, not ASPD.

¶12        The Act requires:

> The attorney for the state has the burden of proving beyond a reasonable doubt that the person's mental disorder has not changed and that the person remains a danger to others and is likely to engage in acts of sexual violence if conditionally released to a less restrictive alternative.

A.R.S. § 36-3709(C).

¶13        The expert witness testified that A.R.'s pedophilic disorder had not changed and for that reason A.R. remained a danger to others and was likely to engage in acts of sexual violence if conditionally released to an LRA. Although the expert also testified about the ASPD diagnosis, the court denied the petition based on its express finding, beyond a reasonable doubt, that A.R.'s pedophilic disorder was unchanged, that he remained a danger to others, and that he would likely reoffend if released to an LRA. A.R. does not challenge any of these findings on appeal. Thus, the superior court's decision would not have been different if evidence of the ASPD diagnosis had been excluded. A.R. has failed to show prejudice.

**CONCLUSION**

**¶14**        Because the superior court relied on evidence that the qualifying mental disorder had not changed, and not evidence of a new mental disorder, the order denying A.R.'s change of status petition is affirmed.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR